UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **New Beginnings Houston, et al.** Plaintiffs; v. **Lonny Cluck, et al.**, Defendants. | Case No. 6:19-cv-00177-JDK-KNM |

## JOINT RULE 26(f) CONFERENCE REPORT

Plaintiffs, New Beginnings Houston ("NBH"), Covenant Community of New Beginnings Canton ("NBC"), and Joe Donalson ("Donalson"), and Defendants, Lonny Cluck, Brian Horton, Todd Peterson, Lou Ann Everett, and the City of Canton, Texas, file this, their Joint Rule 26(f) Conference Report, pursuant to the Court's Order Governing Proceedings.[1] Plaintiffs and Defendants[2] respectfully request the Court to enter the proposed Scheduling Order, which is included in this Joint Report, and in support would respectfully show the Court as follows:

1.  **Brief statement of the claims and defenses:**
a.  **Plaintiffs**

Plaintiffs, NBH, NBC, and Donalson, seek recovery of equitable and declaratory relief against Defendant, City of Canton, and any individual Defendants in their individual capacities adjudging that Plaintiffs are entitled to a reasonable accommodation under the First

---

[1] ECF (Doc. 53).
[2] Despite the efforts of counsel, Intervenors Steven Phillips and Tara Purnell did not participate in the Rule 26(f) conference.

Amendment and under Religious Land Use and Institutionalized Persons Act ("RLUIPA") under which the Plaintiffs are excused from strict compliance of such building codes and ordinances. Plaintiffs assert that this right to reasonable accommodation should be interpreted so as to allow Plaintiffs to remediate any alleged defects or deficiencies in the improvements which Plaintiffs occupy and are using for the purpose of ministering to and housing the homeless. Plaintiffs assert that Plaintiffs are entitled to occupy the improvements on Plaintiffs' property and to use same for housing for the homeless as long as the current condition of the improvements on Plaintiffs' property does not constitute a "fire hazard" or public health hazard as defined by the laws of the State of Texas including Texas common law.

Plaintiffs also seek recovery against the Defendants for selective prosecution and denial of equal protection of the law. Under these two causes of action / counts which have been recently amended Plaintiffs seek the recovery of monetary damages against the Defendants based on Defendants' acts of selective prosecution and denial of equal protection of the law which Defendants have committed by enforcing and attempting to enforce provisions of the City's 2015 new building code which Defendant Canton and the other individual Defendants in this case are not enforcing, on an equal basis, against similarly situated property owners with similar facilities.

b.  **Defendants**

Defendant, City of Canton, Texas, has reasonably enforced its building codes with regard to the subject property to promote the health and safety of anyone visiting, working, or residing at the property, neighboring citizens, and emergency personnel who may have to respond to any emergency at the property. As part of the City's enforcement of its building codes, City officials and employees have advised the Plaintiffs both verbally and in writing of the City's requirements, including the need to provide the City with construction plans showing what

changes will be made to the former nursing home building located on the property. The building on the property had been vacant and in a state of disrepair for several years prior to Plaintiffs stated desire to redevelop the building and the property.

The City has not received an acceptable plan from Plaintiffs that provides the necessary details for Plaintiffs' plan to redevelop the subject property, including compliance with the City's requirement that a set of construction plans be provided in order to evaluate what kinds changes are being proposed for the property. The City has been made aware at different times that Plaintiffs intend to redevelop the property to one of the following uses: a church of some kind, a homeless shelter, a halfway house, residential condominiums, a religiously-based drug treatment center, and/or a radio station. Each of these types of redevelopment cause different health and safety code provisions, permits, and inspection requirements to apply.

On March 26, 2019, Bureau Veritas, acting on behalf of the City, performed an inspection of the property. In summary, the inspection revealed the following concerns:

- Mold and mildew present health concerns;
- Plumbing systems present health concerns;
- Electrical systems present safety concerns;
- Required climate control systems not working;
- Required fire suppressant system is not installed;
- Possible asbestos in building; and
- Fire rating on building components not to code.

Due to these serious health and safety issues, the City issued a Notice of Condemnation of the property in accordance with the City's building codes. Based on the inspection, Defendant Brian

Horton, acting within the course and scope of his employment with the City, found the subject property to be:

(1) an **unsafe structure** under Section 108.1.1. (by not providing minimum safeguards to protect or warn occupants in the event of fire, and by containing unsafe electrical equipment);

(2) a property containing **unsafe equipment** under Section 108.1.2, (by containing HVAC equipment, electrical wiring or devices, and flammable liquid containers on the Property that are a hazard to life, health, property or safety of the public or the occupants of the premises);

(3) a structure **unfit for human occupancy** under Section 108.1.3, (by being unsafe, unlawful, in a state of disrepair and lacking maintenance, unsanitary, vermin or rat infested, lacking ventilation, sanitary, and heating facilities required by the IPMC);

(4) an **unlawful structure** under Section 108.1.4, (by being occupied by one or more persons, in contravention of the IPMC); and which was altered or occupied contrary to law, by being altered and occupied without applicable permits and a certificate of occupancy;

(5) a **dangerous structure** under Section 108.1.5., by meeting the definition of such structure under the following subparts of that section:

(6) The building or structure, or any portion thereof, is clearly unsafe for its use and occupancy;

(7) The building or structure is neglected, damaged, dilapidated, unsecured or abandoned so as to become an attractive nuisance to children who might play in the building or structure to their danger, becomes a harbor for vagrants, criminals, or immoral persons, or enables persons to resort to the building or structure for committing a nuisance or an unlawful act;

(8) The building presents a substantial risk of fire or other threat to life and safety by violating the requirements or prohibitions adopted by the City of Canton, including but not limited to the IMPC, and other applicable building, electrical, and code enforcement regulations;

(9) The building, because of inadequate maintenance, dilapidation, decay, damage, failure construction or arrangement, inadequate light, ventilation, mechanical or plumbing system, or otherwise, is unsanitary, unfit for human habitation or in such a condition that is likely to cause sickness or disease;

(10) The building because of a lack of sufficient or proper fire-resistance rated construction, fire protection systems, electrical system, and plumbing system is determined to be a threat to life or health.

As a result of these findings, the City condemned the Property and prohibited its occupancy.

Plaintiffs have failed to establish any factual basis, or as a matter of law, that they have been subjected to selective enforcement of the City's building codes or that they have otherwise been denied equal protection of the law. Plaintiffs have also failed to identify a similarly-situated property owner treated differently by Defendants. Plaintiffs have also failed to establish that any actions by the Defendants denied Plaintiffs a reasonable accommodation pursuant to the First Amendment to the U.S. Constitution or the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), in part because Plaintiffs are not entitled to accommodations from the City's building codes, which promote the health and safety of the general public, under RLUIPA. Furthermore, Defendants Cluck, Horton, Peterson, and Everett are all entitled to qualified immunity from Plaintiffs causes of action brought under 42 U.S.C. § 1983. Because Plaintiffs cannot maintain any of their causes of action against Defendants, Plaintiffs cannot receive their requested injunctive relief.

2. Jurisdictional basis for the suit:

Plaintiffs' causes of action of selective prosecution and denial of equal protection of the law in violation of 42 U.S.C. § 1983 and their cause of action seeking a religious accommodation under 42 U.S.C. § 2000cc are before the Court pursuant to 28 U.S.C. § 1331.

3. The existence of any related cases and the appropriateness of consolidation:

*City of Canton, Texas v. New Beginnings Fellowship Church of Houston, Texas, and Barney Joe Donalson, Jr., individually and d/b/a Covenant Community of New Beginnings Fellowship/Canton*, Cause No. 19-00185, in the 294th District Court of Van Zandt County, Texas

This Court remanded this case on November 13, 2019, for lack of subject matter jurisdiction by to the state court.[3] It would not be appropriate to consolidate the instant case and the remanded case because the instant case arises from a condemnation of the subject property pursuant to the City's building codes and the remanded case arises from the City's ongoing attempt to condemn the subject property pursuant to Chapter 54(b) of the Texas Local Government Code.

**Plaintiffs:**

Plaintiffs NBC, NBH, and Donalson, disagree with a portion of the Defendants' contentions set out above concerning the issues which are involved in Case No. 19-00185, *City of Canton, Texas v. New Beginnings Fellowship Church of Houston, Texas, and Barney Joe Donalson, Jr., individually and d/b/a Covenant Community of New Beginnings Fellowship/Canton*, in the 294th District Court of Van Zandt County, Texas. Plaintiffs NBC, NBH, and Donalson, previously believed that the City of Canton was attempting to enforce a condemnation / demolishment of the improvements located on Plaintiffs' property, and the placing of a lien on Plaintiffs' property, and then a sale of Plaintiffs' property to allegedly recoup the amount of money the City purportedly expended in demolishing Plaintiffs' improvements. At a hearing on the City of Canton's application for temporary injunction in the State Case No. 19-00185, the Presiding Judge Martin ruled that the City's prior condemnation of Plaintiffs' improvements was irrelevant to the issue before the Court on the City's application for temporary injunction. Specifically, the State District Court ruled that the temporary injunction hearing and relief it intended to grant or deny addressed only the issue of whether Plaintiffs NBH, NBC, and Donalson, should be required to obtain a building occupancy permit before they could house any residents / homeless in Plaintiffs' improvements. A copy of the State District Court's

---

[3]   ECF (Doc. 32).

temporary injunction order is attached to this Report as Exhibit A. The ultimate relief granted by the State District Court on the City's application for temporary injunction required homeless persons to vacate Plaintiffs' premises because Plaintiffs did not hold a current occupancy permit allowing occupancy of the improvements and mandated the carrying out, by the City of Canton of building inspections in order to determine whether Plaintiffs' premises constituted a fire hazard or public health hazard and whether, and by what means, any such hazards could be remediated. The State District Court also terminated Plaintiffs' water service without any explanation as to how continued water service to Plaintiffs' building and premises constituted a fire hazard or public health hazard.

Plaintiffs do not expect the City of Canton or any of the individual Defendants in this case to be able to pursue any enforcement of the condemnation Defendant Canton alleges it entered against Plaintiffs' premises because the proceeding in which the condemnation was passed and approved by the City was void due to failure to comply with the notice provisions with respect to condemnation proceedings which require service of notice on all owners and lien holders interested in Plaintiffs' building and premises.

Plaintiffs agree that this Court has no jurisdiction to consolidate the state action with this case.

4. **Whether the parties expect to provide expert reports under Rule 26(a)(2) and conduct expert discovery in this case:**

Should expert testimony become necessary, as the parties dispute whether Plaintiffs have stated a claim for which relief can be granted, the parties expect to provide expert reports under Rule 26(a)(2) and intend to conduct expert discovery.

**Plaintiffs:**

Plaintiffs NBH, NBC, and Donalson, contend that Defendant City of Canton may perform building inspections of Plaintiffs' building and premises pursuant to the terms of the attached State District Court temporary injunction order (See Exhibit A) which, in turn, will result in expert witness reports which may be relied on by any of the parties to this case as relevant expert opinion and testimony. Plaintiffs may also obtain their own building inspections and expert witness reports and may use them in any trial on the merits in this case and Plaintiffs' case-in-chief.

5.   A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues:

a.   **Plaintiffs**

First Plaintiffs intend to discover and gather evidence which they anticipate will establish that Plaintiffs' building and improvements in their current condition do not constitute a public health hazard or fire hazard. Plaintiffs next expect to uncover and develop evidence which proves the current status and condition of the electrical, plumbing, air conditioning and heating, and other systems in Plaintiffs' building and improvements and expect to be able to establish that those systems can be safely operated and that any work needed to remediate any conditions in the various systems of Plaintiffs' building and improvements can be performed by Plaintiffs' employees under exemptions granted by Texas state law such as the Occupations Code exempting an entity, person, or company, from the requirement to hire licensed electricians to do electrical work. (Texas state law allows a company's unlicensed employees to do any needed electrical work subject to the City's later inspection and approval.) Similar exemptions exist excusing Plaintiffs from the requirements of having to hire licensed plumbers. Last of all, Plaintiffs anticipate gathering evidence and pursuing discovery which will establish

what the terms of a reasonable accommodation under the First Amendment would be from strict application of Defendant, City of Canton's, applicable building code. Such considerations would be, for example, whether the existing fire sprinkler system in Plaintiffs' building and improvements, if operable, and approved by state inspection which covers only certain areas of the building can be safely extended with an add on to cover other areas of the building to comply with safety concerns.

b.   **Defendants**

Defendants anticipate discovery on the following subjects: condition of the subject property, including its compliance with applicable City building codes; the operation and administration of Plaintiffs NBH, NBC, and their related entities, including the identity of any interested persons or entities and information regarding their operation of any properties similar to the subject property; Plaintiff Donalson's history, involvement, and scope of employment with Plaintiffs NBH, NBC, and their related entities; Plaintiffs' conduct at and use of the subject property; the identity and extent of any parties holding a real property interest in the subject property; the identify of any alleged similarly situation others receiving different treatment by Defendants; the terms of any accommodations sought by Plaintiffs and effect of those accommodations on the health and safety of anyone visiting, working, or residing at the property, neighboring citizens, and emergency personnel who may have to respond to any emergency at the property; and other topics based on Plaintiffs' factual and legal claims and requested damages and relief.

Defendants reserve the right to supplement this list as investigation and discovery continue.

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

Plaintiffs and Defendants proposed scheduling order, which includes a schedule for discovery and a time limit to complete factual discovery and expert discovery, is attached to this Joint Report as Exhibit B. Plaintiffs and Defendants deny that discovery should be conducted in phases or be limited to or focused on particular issues.

6. **Whether document production should proceed by requests for production or mandatory disclosure:**

Plaintiffs and Defendants agree to proceed with document production by requests for production.

7. **Any proposed changes to the discovery limitations imposed by the Federal Rules of Civil Procedure, the Local Rules, and any other discovery limitations:**

Plaintiffs and Defendants do not believe that any changes should be made in the limitations on discovery imposed by the Rules, whether federal or local, or that any other limitations should be imposed.

8. **Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI:**

The parties agree to produce ESI using USB drives. There are no known issues relating to disclosure or discovery of ESI, including the form or forms in which it should be produced, by the Plaintiffs or Defendants at this time.

9. **Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a court order:**

There currently are no known issues relating to claims of privilege or preserving discoverable information, including electronically stored information, by the Plaintiffs or Defendants. The Plaintiffs and Defendants have agreed to a standard protective order regarding statutorily protected records of government employees and other confidential information, which the Plaintiffs and Defendants will move this Court to enter.

10. **A proposed trial date, estimated number of days required for trial, and whether a jury has been demanded:**

The Court has provided **February 16, 2021**, as the proposed trial date. Plaintiffs currently are unaware of the estimated number of days required for trial. Defendants estimate four to five days of total trial time. A jury demand has been timely made.

11. **Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made:**

The Plaintiffs and Defendants have agreed to make Initial mandatory disclosures on or before **February 13, 2020, at 10:00 a.m.** with the exception of disclosures under Rule 26(a)(1)(ii) as the Plaintiffs and Defendants have agreed to produce copies of documents, electronically stored information, and tangible things that the responding party has in its possession, custody, or control by requests for production.

12. **The parties' position on mediation or arbitration to resolve this litigation, including:**

- **Whether the parties believe mediation or arbitration would be helpful to settlement and if not, specific reasons why not:**

The Plaintiffs and Defendants agree that mediation would be helpful to settlement of this case. The Plaintiffs and Defendants also agree that arbitration would not be helpful to resolving this case due to the additional costs and expenses of arbitration.

- **When during the litigation mediation or arbitration would be most effective (e.g., before discovery, after limited discovery, after discovery closes, after filing dispositive motions, etc.):**

The Plaintiffs and Defendants agree that mediation would be most effective after limited discovery.

- Whether the parties prefer to mediate with a private mediator (at the parties' expense) or with a U.S. Magistrate Judge:

The Plaintiffs and Defendants would prefer to mediate with a U.S. Magistrate Judge.

13. A status report on any settlement negotiations (but shall not disclose settlement figures):

Counsel for Plaintiffs New Beginnings Houston and Covenant Community of New Beginnings – Canton, counsel for Defendants, and Pro Se Plaintiff Joe Donalson have met in person to discuss possible settlement strategies. These settlement strategies are contingent upon the results of an inspection of the subject property that has been ordered by Judge Chris Martin in *City of Canton, Texas v. New Beginnings Fellowship Church of Houston, Texas, et al.*, Cause No. 19-00185. The results of this inspection are not available as of the filing of this Joint Report.

14. Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial:

None at this time.

15. Whether a conference with the Court is desired:

Counsel for Plaintiffs New Beginnings Houston and Covenant Community of New Beginnings – Canton and counsel for Defendants agree that a Rule 16 Pretrial Conference is desirable because this case involves *pro se* litigants.

16. Any other matters relevant to the status and disposition of this case, including any other Orders the parties propose the Court should under Rules 16(b) and (c) and 26(c):

None at this time. The Plaintiffs and Defendants will advise this Court of any such matters should same arise during the course of this proceeding.

## Prayer

For these reasons, Plaintiffs, New Beginnings Houston and Covenant Community of New Beginnings Canton, and Defendants, Lonny Cluck, Brian Horton, Todd Peterson, Lou Ann Everett, and the City of Canton, Texas, respectfully ask the Court to enter the proposed Scheduling Order and grant such other and further relief to which the parties may be entitled.

Respectfully submitted,

By: */s/ Christopher A. Klement*
    Darrell G-M Noga
    Texas Bar No. 00785326
    darrell@brownfoxlaw.com
    Christopher A. Klement
    Texas Bar No. 24090212
    chris@brownfoxlaw.com
    Brown Fox PLLC
    8111 Preston Road, Suite 300
    Dallas, Texas 75225
    Telephone: (214) 327-5000
    Facsimile: (214) 327-5001

**ATTORNEYS FOR DEFENDANTS**

By: */s/ Joe Alfred Izen, Jr.*
    Joe Alfred Izen, Jr.
    Texas Bar No. 10443500
    jizen@comcast.net
    5526 McKnight Street
    Houston, Texas 77035
    Telephone: (713) 668-8815
    Facsimile: (713) 668-9402

**ATTORNEYS FOR PLAINTIFFS
NEW BEGINNINGS HOUSTON
COVENANT COMMUNITY OF
NEW BEGINNINGS – CANTON**

## Certificate of Service

On January 30, 2020, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

By: */s/ Christopher A. Klement*
    Christopher A. Klement